IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 1:14-cv-03133-RPM

FOREIGN TRADE CORPORATION d/b/a Technocel,

　　　　Plaintiff and Counter Defendant,

v.

OTTER PRODUCTS, LLC,

　　　　Defendant and Counter Claimant.

## STIPULATED PROTECTIVE ORDER
## CONCERNING CONFIDENTIAL INFORMATION

　　　　Pursuant to Fed. R. Civ. P. 26(c), Plaintiff and Counter Defendant Foreign Trade Corporation d/b/a Technocel and Defendant and Counter Claimant Otter Products, LLC have stipulated and agreed, subject to the approval of this Court, that the following Stipulated Protective Order shall govern the handling of discovery material, which shall consist of documents, including electronically stored information, testimony, exhibits, discovery responses and all other information produced, given, or exchanged by and among the parties and any non-parties to the above-captioned action, and have requested that the Court enter this Stipulated Protective Order.

　　　　Therefore, upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information, IT IS HEREBY ORDERED:

## A. **Definitions**

1. "Party": any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2. "Material": all information, documents, including electronically stored information, and/or things, produced, served or otherwise provided in this action by the Parties or by non-parties. "Material" does not include—and nothing in this Stipulated Protective Order affects or limits a Party's use or disclosure of—information, documents, including electronically stored information, and/or things, that a Party possesses independently of this action or acquires from some source other than a Producing Party (as defined herein).

3. "CONFIDENTIAL" Material: all information, documents, including electronically stored information, and/or things, the Designating Party believes in good faith is not generally known to others and is non-public, proprietary, commercially sensitive, competitively sensitive, trade secret and/or personal information and/or is protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy.

4. "Producing Party": a Party or non-party that produces Material in this action.

5. "Receiving Party": a Party that receives Material from a Producing Party.

6. "Designated Material": Material that is designated as "CONFIDENTIAL" Material by a Party or non-party under this Stipulated Protective Order.

7. "Designating Party": a Party or non-party that designates as "CONFIDENTIAL" any Material that it produces and/or discloses.

2

8. "Counsel of Record": (i) counsel of record in Civil Action No. 1:14-cv-03133-RPM in the United States District Court, District of Colorado, and (ii) partners, associates and employees of such counsel to whom it is reasonably necessary to disclose the information for this litigation, including supporting personnel employed by the attorneys, such as paralegals, legal translators, legal secretaries, legal clerks and shorthand/court reporters, or (iii) independent legal translators retained to translate in connection with this action, or independent shorthand/court reporters retained to record and transcribe testimony in connection with this action.

9. "Outside Consultant": a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or Counsel of Record to serve as an expert witness or as a consultant in this action and who is not a current employee of a Party or of a competitor of the opposing Party and who, at the time of retention, is not anticipated to become an employee of a Party or of a competitor of the opposing Party.

10. "Professional Vendors": persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; designing and preparing exhibits, graphics, or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors. This definition includes a professional jury or trial consultant retained in connection with this litigation and mock jurors retained by such a consultant to assist them in their work. Professional vendors do not include consultants who fall within the definition of Outside Consultant.

**B.** **Scope**

11. The protections conferred by this Stipulated Protective Order cover not only Designated Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof. Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure. Identification of any individual pursuant to this Stipulated Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure and any deadlines provided in any Scheduling Order or other Order of the Court.

**C.** **Access To Designated Material**

12. **CONFIDENTIAL Material**: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information, document or thing designated "CONFIDENTIAL" only to:

(a) employees of the Receiving Party to whom disclosure is reasonably necessary for the management, supervision, or oversight of this litigation and who have signed the "Acknowledgement And Agreement To Be Bound By Protective Order" attached hereto;

(b) persons who appear on the face of Designated Material as an author, addressee or recipient thereof;

(c) Counsel of Record;

4

(d)     Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed both the "Acknowledgement And Agreement To Be Bound By Protective Order" attached hereto and the "Certification Of Consultant" attached hereto;

(e)     witnesses at deposition and/or trial, provided that such witnesses may not retain copies of Designated Material unless permitted by other provisions of this Stipulated Protective Order;

(f)     the Court and its personnel;

(g)     any designated arbitrator or mediator who is assigned to hear this matter, and a representative of which has signed both the "Acknowledgement And Agreement To Be Bound By Protective Order" attached hereto and the "Certification Of Consultant" attached hereto;

(h)     court reporters; and

(i)     Professional Vendors to which disclosure is reasonably necessary for this litigation and a representative of which has signed the "Acknowledgement And Agreement To Be Bound By Protective Order" attached hereto.

13.     Each person to whom Designated Material may be disclosed, and who is required to sign the "Acknowledgement And Agreement To Be Bound By Protective Order" attached hereto and, if applicable, the "Certification Of Consultant" attached hereto, shall do so prior to the time such Designated Material is disclosed to him or her.  Counsel for a party who makes any disclosure of Designated Material shall retain each original executed

certificate and, upon written request, shall provide copies to counsel to all other parties at the termination of this action.

14. At the request of the Designating Party, persons not permitted access to Designated Material under the terms of this Stipulated Protective Order shall not be present at depositions while the Designating Party's Designated Material is discussed or otherwise disclosed. Pre-trial and trial proceedings shall be conducted in a manner, subject to the supervision of the Court, to protect Designated Material from disclosure to persons not authorized to have access to such Material. Any Party intending to disclose or discuss Designated Material at pre-trial or trial proceedings must give advance notice to assure the implementation of the terms of this Stipulated Protective Order.

D. **Access to "Designated Material" by Outside Consultants**

15. **Notice**.

If a Receiving Party wishes to disclose another party's Designated Material to any Outside Consultant, prior to providing any Designated Material to an Outside Consultant the Receiving party must obtain signed copies of the "Acknowledgement And Agreement To Be Bound by Protective Order" and the "Certification of Consultant" attached as exhibits to this Stipulated Protective Order.

E. **Use Of Designated Material**

16. **Use of Designated Material by Receiving Party**. Unless otherwise ordered by the Court or agreed to in writing by the Parties, any Designated Material shall be used by the Receiving Party only for purposes of this litigation and shall not be used in any other

way, except by order of the Court or with the consent of all of the Parties. Except in accordance with the terms of this Stipulated Protective Order, information contained or reflected in any Designated Material shall not be disclosed in conversations, presentations by parties or counsel, in court or in other settings that might reveal Designated Material.

17. **Use of Designated Material for Witness Testimony.** Except as may be otherwise ordered by the Court, any person may be examined as a witness at deposition and at trial, may testify concerning, and may be shown in connection with said testimony, all Designated Material of which such person has prior knowledge.

### F. Procedure for Designating Materials

18. Subject to the limitations set forth in this Stipulated Protective Order, a Designating Party may designate as "CONFIDENTIAL" information the Designating Party believes in good faith meets the definition set forth in Paragraph 3 above.

19. Any material (including physical objects) made available for initial inspection by counsel for the Receiving Party prior to producing copies of selected items shall initially be considered, as a whole, to constitute "CONFIDENTIAL" information and shall be subject to this Order. Thereafter, the Producing Party shall have fourteen (14) calendar days from the inspection to review and designate the appropriate documents as "CONFIDENTIAL" prior to furnishing copies to the Receiving Party.

20. Except as otherwise provided in this Stipulated Protective Order or as otherwise stipulated or ordered, Material that qualifies for protection under this Order must

be designated in accordance with this Section F, "Procedure for Designating Materials," before the material is disclosed or produced.

    21.    Designation in conformity with this Stipulated Protective Order requires:

    (a)    For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), the Producing Party shall affix the legend "CONFIDENTIAL" on each page that contains Designated Material. For electronically stored information not produced in form that permits affixing a "CONFIDENTIAL" legend, the file name of the electronic file shall include the "CONFIDENTIAL" designation, and any electronic media containing such electronic files shall also bear the "CONFIDENTIAL" designation.

    (b)    For testimony given in deposition or in other pretrial or trial proceedings, the Designating Party shall specify, at or immediately following the time the testimony is given, any portions of the testimony that it wishes to designate as "CONFIDENTIAL". Alternately, the Designating Party may designate, by page/line range, any portion of a transcript of testimony given in deposition or in other pretrial or trial proceedings as "CONFIDENTIAL" by informing the reporter and all other parties in writing within fourteen (14) calendar days of receipt of the final transcript of the testimony. All reported testimony not designated "CONFIDENTIAL" during or immediately following the time the testimony is given will nonetheless be treated as "CONFIDENTIAL" until such fourteen (14) day period has expired. The court reporter must affix to the

       top of each transcript page containing Designated Material the legend "CONFIDENTIAL", as instructed by the Designating Party.

(c) For Designated Material that is produced in some form other than documentary or electronic, and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or thing is stored the legend "CONFIDENTIAL".

G. **No Waiver of Privilege**

22. Inspection or production of documents (including physical objects) shall not constitute a waiver of the attorney-client privilege or work product immunity or any other applicable privilege or immunity from discovery if, within seven (7) calendar days after the Producing Party becomes aware of any inadvertent or unintentional disclosure, the Producing Party designates any such documents as within the attorney-client privilege or work product immunity or any other applicable privilege or immunity and requests in writing return of such documents to the Producing Party with the factual basis for the assertion of privilege or immunity. Upon request by the Producing Party, the Receiving Party shall immediately return all copies of such inadvertently produced document(s), and shall not use any inadvertently produced material or information for any purpose unless and until the asserted privileges or immunities have been successfully challenged or withdrawn. Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client

privilege or work product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court.

### H. Inadvertent Failure To Designate

23. An inadvertent failure to designate qualified information, documents or things as "CONFIDENTIAL" does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material. Upon discovery of an inadvertent failure to designate, as soon as reasonably possible a Producing Party may notify the Receiving Party in writing that the material is to be designated as "CONFIDENTIAL". Upon receipt of such notice, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the terms of this Order, subject to the right to challenge the propriety of such designation(s). The Producing Party shall provide substitute copies of Designated Material bearing the "CONFIDENTIAL" designation.

### I. Filing Designated Material

24. Without written permission from the Designating Party or a Court Order secured after appropriate notice to all interested persons, a Party may not file in any public record any Designated Material. Any filing of any such Designated Material in the United States District Court for the District of Colorado shall be as Restricted Documents at Level 1 Restriction pursuant to the requirements of D.C.COLO.LCivR 7.2. All such materials so filed shall be released from restricted access only pursuant to Court Order or the provisions of D.C.COLO.LCivR 7.2(e). Any filing of Designated Material in any other civil litigation, arbitration, or administrative proceeding shall be effected as to maintain access restricted at

least at the same level of document security as provided by Level 1 Restriction in the District of Colorado.

**J.      Challenges to Confidentiality Designation**

25.     The Parties will use reasonable care when designating documents or information as "CONFIDENTIAL". Nothing in this Stipulated Protective Order shall prevent a Receiving Party from contending that any documents or information designated as "CONFIDENTIAL" have been improperly designated. A Receiving Party is not obligated to challenge the propriety of a "CONFIDENTIAL" designation at the time made, and the failure to do so shall not preclude a subsequent challenge thereto. However, all challenges to the propriety of a "CONFIDENTIAL" designation shall be made no later than fourteen (14) days after the close of discovery. Any such challenge shall be written, shall be served on counsel for the Designating Party and all other parties in the litigation, and shall identify with particularity the documents or information that the Receiving Party contends should be differently designated. The parties shall use their best efforts to resolve promptly and informally such disputes. If the parties cannot resolve the objection within fourteen (14) days after the notice is received by the Designating Party, it shall be the obligation of the Designating Party to file an appropriate motion, within the (14) days after it receives said notice, requesting that the Court determine whether the disputed information has been properly designated as "CONFIDENTIAL." If such a motion is timely filed, the disputed information shall be treated as designated under the terms of this Stipulated Protective Order until the Court rules on the motion. If the Designating Party fails to file such a motion within

11

the prescribed time, the disputed information shall lose its designation and shall not thereafter be treated as "CONFIDENTIAL" under the terms of this Stipulated Protective Order. In connection with a motion filed under this provision, the party designating the information as "CONFIDENTIAL" shall bear the burden of establishing that good cause exists for the disputed information to be treated as designated.

### K.     Protected Material Subpoenaed or Ordered Produced In Other Litigation

26.     If a Receiving Party is served with a subpoena or a court order that would compel disclosure of any information, documents or things designated in this action as "CONFIDENTIAL", the Receiving Party must so notify the Designating Party, in writing by electronic mail and overnight delivery, promptly and in no event no more than seven (7) calendar days after receiving the subpoena or order. Such notification must include a copy of the subpoena or order. The Receiving Party also must immediately inform in writing the entity that caused the subpoena or order to issue that some or all the material covered by the subpoena or order is the subject of this Stipulated Protective Order, and in addition the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the entity that caused the subpoena or order to issue. The purpose of imposing these duties is to alert the interested parties to the existence of this Stipulated Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the civil litigation, arbitration, or administrative proceeding in which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in such civil litigation, arbitration, or administrative proceeding of its Designated Material.

Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive issued in any civil litigation, arbitration, or administrative proceeding.

### L.  Unauthorized Disclosure Of Designated Material

27.     If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Designated Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Designated Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto.

### M.  Non-Party Use of This Stipulated Protective Order

28.     A non-party producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information in the same manner and shall receive the same level of protection under this Stipulated Protective Order as any party to this lawsuit.

29.     A non-party's use of this Stipulated Protective Order to protect its "CONFIDENTIAL" information does not entitle that non-party access to "CONFIDENTIAL" information produced by any party in this case.

### N. Duration

30. The confidentiality obligations and protections imposed by this Stipulated Protective Order shall remain in effect after the termination of this litigation until a Designating Party agrees otherwise in writing or a court order otherwise directs.

### O. Final Disposition

31. Unless otherwise ordered or agreed in writing by the Producing Party, within sixty-three (63) calendar days after the final termination of this litigation, each Receiving Party must destroy or return all Designated Material to the Producing Party. As used in this Paragraph, "all Designated Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Designated Material. The Receiving Party must submit a written confirmation of the return or destruction to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 63-day deadline. Notwithstanding this provision, Counsel of Record may retain an archival copy of all pleadings, motion papers, deposition transcripts (including exhibits), transcripts of other proceedings (including exhibits), expert reports (including exhibits), discovery requests and responses (including exhibits), exhibits offered or introduced into evidence at trial, legal memoranda, correspondence or attorney work product, even if such materials contain Designated Material. Any such archival copies that contain or constitute Designated Material remain subject to this Stipulated Protective Order as set forth in Section N, "Duration," above.

### P.     Miscellaneous

32.     Any notice requirement herein only may be waived, in whole or in part, by a writing signed by the Counsel of Record for the party against whom such waiver will be effective.

33.     This Stipulated Protective Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection or to relax or rescind the restrictions of this Order, when convenience or necessity requires.  Nothing in this Order abridges the right of any person to seek to assert other objections.  No Party waives any right it otherwise would have to object to disclosing or producing any information, documents, or things on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Order. The Court shall take appropriate measures to protect Designated Material at trial and any hearing in this case.

34.     This Stipulated Protective Order shall not diminish any existing obligation or right with respect to Designated Material, nor shall it prevent a disclosure to which the Designating Party consents in writing before the disclosure takes place.

35.     The United States District Court for the District of Colorado is responsible for the interpretation and enforcement of this Stipulated Protective Order.  All disputes concerning Designated Material produced under the protection of this Order shall be resolved by the United States District Court for the District of Colorado, subject to the appellate rights of the Parties.  Every individual who receives any Designated Material agrees to subject

himself or herself to the jurisdiction of this Court for the purpose of any proceedings related to performance under, compliance with, or violation of this Order.

DATED this 1st day of May, 2015.

BY THE COURT:

Richard P. Matsch, Senior District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-03133-RPM

FOREIGN TRADE CORPORATION d/b/a Technocel,

    Plaintiff and Counter Defendant,

v.

OTTER PRODUCTS, LLC,

    Defendant and Counter Claimant.

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____ [print or type full name], state:

1. I reside at _____;
2. My present employer is _____;
3. My present occupation or job description is _____;
4. I agree to keep confidential all information provided to me in the matter of *Foreign Trade Corporation d/b/a Technocel v. Otter Products, LLC*, Civil Action No. 1:14-cv-03133-RPM in the United States District Court, District of Colorado, and to be subject to the authority of that Court in the event of any violation or dispute related to this agreement.
5. I have been informed of and have reviewed the Stipulated Protective Order entered in this case, and I will not divulge any information, documents or things that are subject to the Stipulated Protective Order except in accordance with the provisions of the Stipulated Protective Order;
6. I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____, 201\_ at _____.

Printed or typed name: _____

            Signature: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-03133-RPM

FOREIGN TRADE CORPORATION d/b/a Technocel,

    Plaintiff and Counter Defendant,

v.

OTTER PRODUCTS, LLC,

    Defendant and Counter Claimant.

## CERTIFICATION OF CONSULTANT

I, _____ [print or type full name]

of _____,

am not an employee of the Party who retained me, or of a competitor of the opposing Party. If at any time after I execute this Certificate of Consultant and during the pendency of the Action I become an employee of a competitor of the opposing Party, I will promptly inform the counsel for the party who retained me in the Action, and I will not thereafter review any Designated Materials marked by the opposing Party as "CONFIDENTIAL" unless and until the Parties agree or the Court orders otherwise.

I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____, 201\_ at _____.

Printed or typed name: _____

Signature: _____