IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 1:14-cv-03133-RPM

FOREIGN TRADE CORPORATION d/b/a Technocel,

      Plaintiff and Counter Defendant,

v.

OTTER PRODUCTS, LLC,

      Defendant and Counter Claimant.

---

## STIPULATED ORDER REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION

---

      Upon the stipulation of the parties, the Court ORDERS as follows:

**1.    PURPOSE**

      This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, the parties' Scheduling Order, and any other applicable orders and rules.

**2.    COOPERATION**

      The parties are aware of the importance the Court places on cooperation and agree to cooperate in good faith throughout the action.

**3.    LIAISON**

      The parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI.

Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

**4.   PRESERVATION**

The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

a)      For Foreign Trade Corporation d/b/a Technocel's ("Technocel's") ESI, only documents created or received between January 1, 2010, and the close of fact discovery in the instant litigation will be preserved. For Otter Products, LLC's ("OtterBox's") ESI, only documents created or received between January 1, 2010, and the close of fact discovery in the instant litigation will be preserved.

b)      The parties have agreed that ESI should be preserved for all of the individuals identified in the parties' Initial Disclosures. The parties shall add or remove custodians as reasonably necessary.

c)    The parties agree that backup tapes, data, and systems are not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B) and ESI from these sources will be preserved in accordance with the parties' litigation hold preservation efforts, but not searched, reviewed, or produced.

d)    The parties agree that data from digital voicemail, instant messaging, and text messaging are not reasonably accessible, and will not be preserved.

**5.    SEARCH**

The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is potentially relevant and subject to production in discovery and filter out ESI that is not subject to discovery.

**6.    PRODUCTION FORMATS**

The parties agree to produce documents in the format set forth below:

A.    <u>TIFFs</u>.  Single-page 300 dpi CCITT Group IV black and white TIFFs should be provided, with page breaks at document end. When PowerPoint documents are converted to TIFFs, the image will show the speaker notes, to the extent that they exist.

3

B.    Color.  The parties will produce color documents in color whenever possible. Documents produced in color will be produced in JPG or other format agreed on by the parties.

C.    Native Format.  The parties have agreed that documents with the following file extension will be produced in native format: xls*; csv; mov; dxf; prt; sldprt; stp; asm; and any other audio, video, or database files. Native Files will be produced with a placeholder TIFF image. Each TIFF placeholder will contain the endorsed bates number and endorsed confidentiality designation. For materials natively-produced in electronic format, the endorsed bates number and appropriate confidentiality designation should also be indicated in the filename of the electronic file.

D.    Database Load Files/Cross-Reference Files.

(i)    Documents provided to counsel for Technocel should be produced as single page TIFF files with multipage extracted text, accompanied by load files for Relativity (.dat and .opt files).

(ii)    Documents provided to counsel for OtterBox should be produced as single page TIFF files with multipage extracted text, accompanied by load files for Relativity (.dat and .opt files).

If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents.

The parties agree not to degrade the searchability of documents as part of the document production process.

### 7.   DOCUMENTS PROTECTED FROM DISCOVERY

A.   Pursuant to Fed. R. Evid. 502(d) and Fed. R. Civ. P. 26(b)(5), the inadvertent production of a privileged or work-product-protected document is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

B.   Communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log.

### 8.   EMAIL DISCOVERY

A.   General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email"), except as set forth in Paragraphs B- F, below.

B.   Email production requests shall only be propounded for specific issues, rather than general discovery of a product or business.

C.   Email production requests shall suggest the proper custodians, search terms, and time frame. The parties shall cooperate to identify the

proper custodians, proper search terms and proper timeframe for email production requests.

D.    The parties have agreed that each requesting party shall limit its email production requests to a total of eight (8) custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the Court's leave. The parties shall not unreasonably withhold their consent to modify this limit in light of future discovery that reveals additional custodians reasonably likely to possess discoverable information.

E.    Each requesting party shall limit its email production requests to a total of eight (8) search terms per custodian per party. The parties may jointly agree to modify this limit without the Court's leave. The parties shall not unreasonably withhold their consent to modify this limit in light of future discovery that reveals additional search terms reasonably likely to lead to discoverable information. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system")

broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. Should a party serve email production requests with search terms beyond the limits agreed to by the parties pursuant to this paragraph, this shall be considered in determining whether any party shall bear all reasonable costs caused by such additional discovery.

      F.     Nothing in this Order prevents the parties from agreeing to use analytics, technology assisted review, and other techniques insofar as their use improves the efficacy of discovery.

## 10.   MODIFICATION

      This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

IT IS SO STIPULATED, through Counsel of Record.

Dated: May 20, 2015

| | |
|---|---|
| *s/ Kevin S. Neiman* | *s/ Farhad Novian* |
| Kevin S. Neiman | Farhad Novian |
| LAW OFFICES OF KEVIN S. NEIMAN, PC | NOVIAN & NOVIAN LLP |
| 1621 18th Street, Suite 260 | 1801 Century Park East, Suite 1201 |
| Denver, CO 80202 | Los Angeles, CA 90067 |
| Telephone: 303-996-8637 | Telephone: 310-553-1222 |
| Email: kevin@ksnpc.com | Email: farhad@novianlaw.com |

*Counsel for Plaintiff and Counter Defendant Foreign Trade Corporation, doing business as Technocel*

*s/ Lauren E. Schmidt*
Lauren E. Schmidt
BROWNSTEIN HYATT FARBER SCHRECK, LLP
410 Seventeenth Street, Suite 2200
Denver, Colorado 80202-4432
Telephone: 303.223.1100
Email: lschmidt@bhfs.com

*Counsel for Defendant and Counter Claimant Otter Products, LLC*

IT IS ORDERED that the forgoing Agreement is approved.

DATED this ___21st___ day of ___May___, 2015.

BY THE COURT:

_____
Richard P. Matsch, Senior District Judge