**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:14-cv-03133-JLK

FOREIGN TRADE CORPORATION, a California corporation, d/b/a Technocel,

    Plaintiff and Counterclaim Defendant,

v.

OTTER PRODUCTS, LLC, a Colorado limited liability company,

    Defendant and Counterclaim Plaintiff, and Third-Party Plaintiff,

v.

TYLT, INC., a Delaware limited liability company, and RAMIN ROSTAMI, an individual,

    Third-Party Defendants.

---

**RECORD CITATIONS FOR THIRD-PARTY DEFENDANTS TYLT, INC. AND RAMIN ROSTAMI'S COUNSEL'S SELECT ASSERTIONS AT MARCH 3, 2020 ORAL ARGUMENT FOR HEARING ON MOTIONS TO DISMISS**

---

Pursuant to the Court's request (Dkt. #396 at p. 13 n.4, pp. 14-15), third-party defendants TYLT, INC. ("Tylt") and RAMIN ROSTAMI ("Rostami") (collectively, Tylt and Rostami may be referred to herein as the "Third-Party Defendants") hereby submit the following record citations for their counsel's assertions at oral argument at the March 3, 2020 on Third-Party Defendants' Motion to Dismiss (Dkt. #379):

1. **Liquidated claim assertion:** Third-Party Defendants' counsel based his assertion about Judge Matsch's intention on the following exchange at the March 8, 2019 Pretrial Conference (Dkt. #301, 3/8/19 Tr. at pp. 33:9-17 [emphasis added]):

> **MR. NOVIAN:** Does that also include, though, the issue of Otter making a damage claim against Technocel in these proceedings?

> **THE COURT:** Well, I'm going to let them make a damage claim. ***Whether they can return the judgments is another question*** but, you know, we could look at it as, you know, I'm going to listen to a damage claim and if OtterBox prevails on that, there'll be a judgment ***but I don't have to determine how it gets collected***. That's all I can think of to do.

While Third-Party Defendants recognize that reasonable minds can differ about the scope of Judge Matsch's comments, Third-Party Defendants maintain that a fair interpretation—and their interpretation—of Judge Matsch's comments is that Otter's judgment against Technocel should be a liquidated claim that is administered in the context of the assignment for the benefit of creditors.

2. **Survival of California Business and Professions Code claims:** The Court notes that, "Counsel for Third-Party Defendants also asserted at oral argument that Judge Matsch had allowed business and professions code claims under California law to survive motions to dismiss and summary judgment because he ruled that California law has a strong interest in upholding the public interest of its citizens." Dkt. #396 at p. 13 n.4. To the extent that counsel for Third-Party Defendants was commenting about the survival of claims under the California Business and Professions Code, counsel only intended to refer to the orders on the previous motions to dismiss (Dkt. Nos. 127, 128). The specific statement counsel for Third-Party Defendants intended to rely upon was: "This contractual choice of Colorado law applies ***unless the application of Colorado law would be contrary to a fundamental policy of a state which has a materially greater interest in the determination of the issues***." Dkt. #127 at pp. 1-2 (emphasis

added). Counsel for Third-Party Defendants views this statement as allowing the Court

to conduct an *issue-by-issue analysis* of whether the application of Colorado law is

contrary to a fundamental policy of another state which has a materially greater interest

in the determination of the issue at hand. In the particular motion before the Court,

counsel for Third-Party Defendants was advocating for the Court to look at California's

fundamental policy and interest in determining issues related to its proceedings

involving *general assignments for the benefit of creditors*.

Counsel for Third-Party Defendants recognizes that (1) the Court did not

find that "Colorado law on the misappropriation of trade secrets is materially different

from the law of California, much less contrary to a fundamental policy of the state of

California" (Dkt. #127 at p. 2), and the Court ruled on summary judgment, in relevant

part, that "[b]ecause Colorado law applies, summary judgment is appropriate on

Technocel's and H.L. Dalis' unfair competition claims under California and New York

statutory law." Dkt. #292 at p. 9. However, the Court *did* allow Technocel's claim for

a violation for California Business and Professions Code section 17200 to initially

survive a motion to dismiss. Dkt. #128 at p. 2. Again, reasonable minds can differ about

the scope and "law-of-the-case" effect of these holdings, but counsel for Third-Party

Defendants interpreted these record citations, when read as a whole, as allowing

*individualized analysis* into the choice-of-law issue.

Dated: March 16, 2020


*/s/ Farhad Novian*
Farhad Novian
Andrew B. Goodman

4

**Novian & Novian, LLP**
1801 Century Park East
Suite 1201
Los Angeles, CA  90067
Telephone:  310-553-1222

*Attorneys for third-party defendants Tylt, Inc. and Ramin Rostami*

## CERTIFICATE OF SERVICE

I certify that on March 16, 2020, I caused the foregoing document to be electronically filed with the Clerk of Court using the CM/ECF system which will notify the following persons of such filing:

| | |
|---|---|
| **Karma Micaela Giulianelli**<br>**Joseph W. Doman**<br>**Jason C. Murray**<br>BARTLIT BECK LLP<br>1810 Wewatta Street, Suite 1200<br>Denver, CO 80202<br>karma.giulianelli@bartlit-beck.com;<br>joe.doman@bartlit-beck.com;<br>Jason.murray@bartlit-beck.com<br><br>*Counsel for defendant, counterclaim plaintiff, and third-party plaintiff Otter Products, LLC* | **Martha Fitzgerald**<br>**Josh Weiss**<br>BROWNSTEIN HYATT FARBER SCHRECK, LLP<br>410 17th Street, Suite 2200<br>Denver, CO 80202<br>E-mail: mfitzgerald@bhfs.com;<br>jweiss@bhfs.com<br><br>*Counsel for defendant, counterclaim plaintiff, and third-party plaintiff Otter Products, LLC* |

/s/ Farhad Novian
Farhad Novian